**Opinion issued August 19, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00903-CR

_____

**DAVEYONNE HOWARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1759517**

## MEMORANDUM OPINION

Appellant Daveyonne Howard pleaded guilty to the felony offense of murder.[1]

The trial court found appellant guilty and sentenced appellant to 40 years'

confinement. Appellant filed a *pro se* notice of appeal. We dismiss the appeal.

---

[1] *See* TEX. PENAL CODE § 19.02.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). A charge bargain, like that entered into by appellant and the State in this case, where the defendant agrees to plead guilty in exchange for the prosecutor dismissing other charges, is a plea bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record further shows that appellant pled guilty to murder in exchange for the State's agreement to dismiss other charges. This charge bargain constitutes a plea bargain subject to Rule 25.2(a)(2). *See Shankle*, 119 S.W.3d at 813–14. The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed. Thus, the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App.

2

2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).